IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce M. Richardson, #291292, ) | |
| ) | C/A No. 3:09-1107-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| State of South Carolina; ) | |
| Warden of Turbeville Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Bruce M. Richardson ("Petitioner") is an inmate at the Turbeville Correctional

Institution in the South Carolina Department of Corrections. On April 28, 2009, Petitioner filed a

*pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Entry 1. This matter is

before the court on the parties' cross-motions for summary judgment and Petitioner's motions to

amend his petition for writ of habeas corpus.

I.    **BACKGROUND**

A.    Trial

In May 2002, Petitioner was indicted by a grand jury for the Court of General Sessions in

Horry County, South Carolina. Petitioner's indictment included a charge for burglary (2002-GS-26-

2128) and first degree murder (2002-GS-26-2129). In August 2002, Petitioner was indicted for an

additional charge of burglary (2002-GS-26-3062) by a grand jury for the Court of General Sessions

in Horry County. At trial, Petitioner was represented by Lucia Bacot ("Ms. Bacot"). On February

28, 2003, Petitioner was found guilty of all charges following a jury trial. Petitioner was sentenced

by the Honorable John L. Breeden, Jr., Circuit Court Judge to eighteen months in prison for each

charge, to be served concurrently.

B.	Direct Appeal

Petitioner timely filed a Notice of Appeal on February 28, 2003. Entry 19-5. On appeal, Petitioner was represented by Wanda H. Haile ("Ms. Haile"). On December 2, 2003, Ms. Haile filed an Anders Brief,[1] arguing the trial court erred in allowing the solicitor to exercise a peremptory challenge in a discriminatory manner. Entry 19-6. On March 3, 2003, Petitioner filed a *pro se* brief, alleging fifteen errors by the trial court.[2] Entry 19-7. On April 15, 2004, the South Carolina Court of Appeals issued an unpublished opinion dismissing Petitioner's appeal and granting Ms. Haile's request to withdraw as counsel for Petitioner. Entry 19-8. A remittitur was issued on May 19, 2004.

---

[1]	An *Anders* brief is a request by a court-appointed attorney to withdraw from representing a criminal defendant on appeal because of the attorney's belief that there are no meritorious grounds for relief. See Anders v. California, 386 U.S. 738 (1967). *"Anders* requires appellate counsel to brief arguable issues, despite counsel's belief the appeal is frivolous, as a safeguard of the right to appeal." Austin v. State, 305 S.E.2d 395, 396 (S.C. 1991).

[2]Specifically, Petitioner makes the following arguments in his *pro se* brief: (1) the lower court erred in allowing evidence of the three of Petitioner's prior burglary convictions when the applicable South Carolina statute only requires the State to establish two prior convictions; (2) Petitioner was entitled to a directed verdict; (3) the trial court erred in not giving limiting instructions to the jury upon introduction of Petitioner's three prior burglary convictions; (4) the trial court erred in allowing the State's attorney to reinforce the evidence by reminding the jury of Petitioner's prior burglary convictions in her closing argument; (5) the trial court erred in not severing the indictments; (6) the trial court erred in declining to instruct the jury on the lesser-included offenses in violation of the Double Jeopardy Clause; (7) S.C. Code Ann. Section 16-11-311(A)(2) is unconstitutional; (8) Petitioner was subject to a highly suggestive single show-up identification in violation of his due process rights; (9) the lower court erred in admitting hearsay evidence regarding what one of the victims was feeling; (10) the State failed to establish chain of custody over the screwdriver and bag presented at trial; (11) one of the victim's testimony regarding the identification of the screwdriver was questionable; (12) the lower court erred in not allowing the pre-trial hearing on the motion to sever the indictments to be held in Petitioner's absence and without his knowledge; (13) the State withheld exculpatory evidence regarding any person actually seeing Petitioner in possession of a blue bag; and (14) Ms. Bacot did not file a motion for discovery until five days after Petitioner's conviction. Entry 19-7.

Entry 19-9.

    C.    <u>Post-Conviction Relief ("PCR") Action</u>

    Petitioner filed a PCR application alleging ineffective assistance of counsel on May 27, 2004. Entry 19-1, 322-326. Respondent filed a return on October 15, 2004. <u>Id.</u> 327-330. Petitioner filed an amended PCR application on June 3, 2005. Entry 19-10. Petitioner filed a final PCR application on November 21, 2005. Entry 19-11. The PCR hearing was held before the Honorable Paula H. Thomas ("PCR judge") on November 29, 2005. Entry 19-1, 332-373. Petitioner was present and represented by Melissa Kimbrough ("Ms. Kimbrough"). <u>Id.</u> at 332. Petitioner and Ms. Bacot testified at the PCR hearing. <u>Id.</u> After hearing their testimony and reviewing the record, the PCR judge determined that Ms. Bacot's testimony was credible and Petitioner's testimony was not credible. <u>Id.</u> at 377. The PCR judge concluded that Petitioner failed to establish that Ms. Bacot's representation was deficient and that any existing deficiency prejudiced Petitioner. <u>Id.</u> The PCR judge denied Petitioner's PCR application and dismissed the case with prejudice. <u>Id.</u> at 378. The order of dismissal was entered on January 25, 2006. <u>Id.</u> at 374.

    D.    <u>PCR Appeal</u>

    Counsel for Petitioner timely filed a Notice of Appeal of the PCR judge's order of dismissal to the Supreme Court of South Carolina on February 15, 2006. Entry 19-13, 1. Petitioner filed a *pro se* Notice of Appeal on February 21, 2006. <u>Id.</u> at 3-5. On appeal, Petitioner was represented by Tommy Thomas and Tricia Blanchette. A petition for writ of certiorari was filed on October 8, 2007. Entry 19-14. In the petition, Petitioner argued that (1) his trial counsel rendered ineffective assistance of counsel when Petitioner's three prior burglary convictions were admitted to establish first-degree burglary; (2) his appellate counsel rendered ineffective assistance of counsel when the appellate brief

errantly addressed the exercise of a peremptory challenge by the State; and (3) his trial counsel rendered ineffective assistance of counsel when she failed to introduce exculpatory evidence at trial. Id. Respondents filed a return to the petition for writ of certiorari on January 14, 2008. Entry 19-15. The Supreme Court of South Carolina transferred Petitioner's case to the South Carolina Court of Appeals on July 11, 2008 pursuant to Rule 227(l) of the South Carolina Appellate Court Rules ("SCACR"). Entry 19-18. The South Carolina Court of Appeals issued an order denying Petitioner's petition for writ of certiorari on March 25, 2009. A remitittur was issued on April 10, 2009. Entry 19-20.

E. Petitioner's Federal Habeas Action

On April 28, 2009, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Entry 1. In the petition for writ of habeas, Petitioner sets forth the following grounds for relief and supporting facts:

**Ground One:** Abuse of discretion on the trial court.

> **Supporting Facts:** (A) The trial judge erred in allowing evidence of three of applicants prior burglary convictions when the statute requires only two (2) prior burglary convictions based on a misapprehension of the law, and belief that he had no "discretion" to exclude this evidence.
> (B) Failure to initiate an old chief test. Trial court erred in not conducting an old chief/colf balancing test concerning the prejudicial impact of burglary conviction which was more than ten years old. Rule 609(b). SCRE [In accord with Rule 403. SCRE].
> (C) Failure to grant a directed verdict. Trial court erred in failing to grant a directed verdict based on the lack of suffient[sic] evidence. Respondent failed to prove the truth of the matter asserted. The crux of Respondent's case is based on the element of prior convictions (i.e. essential element of "entering" was never proven at trial. Petitioner was never positively identified as the perpetrator).
> (D) Allowing testimony of (prejudicial) single show-up. Trial court erred in allowing Respondent's witness, Mr. Perry, to give suggestive testimony to the jury when Petitioner was subjected to a single show-up, but was never identified as the perpetrator. This error resulted in prejudice.

(E) Allowing hearsay and leading/suggestive testimony. Trial court erred in allowing hearsay/leading testimony from Mr. Perry. It is not Mr. Perry's domain to explain how he thinks [a victim's] thought process was in not being able to positively identify Petitioner as the perpetrator. Mr. Perry is not qualified as an expert in identification.

(F) Allowing pre-trial hearing motion to be held in Petitioner's absence. Trial court erred in allowing Petitioner's presence to be waived at the conclusion of the pre-trial hearing where trial counsel abandoned Petitioner's issues at hand. Petitioner has a right to be present at every stage of a criminal proceeding where his presence would contribute to the fairness of said hearings----to include pre-trial hearings.

**Ground Two:** Ineffective Assistance of Trial Counsel.

**Supporting Facts:** (A) Trial counsel was ineffective for failing to object to the improper closing argument by the Solicitor concerning three prior burglary convictions when the Solicitor was repeatedly warned to refrain from such argument by the trial court, and

(B) Trial counsel was ineffective for failing to point out to the trial court a previous ruling by the Supreme Court that set forth the rule that under the FRE.403, the judge does have discretion to exclude this evidence if he determines that the probative value of admitting this evidence is outweighed by the prejudicial impact; for failing to properly focus the trial court's attention on the issue of discretion.

(C) Trial counsel was ineffective for failing to produce exculpatory evidence at trial. State's case in chief at trial was that of because Petitioner was detained in the vicinity of a "blue bag" full of stolen property he is guilty of burglary in the first degree. When in fact there was in existance[sic] evidence of another "blue bag" also full of stolen property that was in fact found the day after Petitioner was aressted[sic] and was not found in the vicinity to where Petitioner was detained. This evidence was exculpatory in nature, in part, due to the fact that Petitioner was never identified by the victim as the perpetrator of these crimes. This evidence was available at the time of trial yet went unused.

**Ground Three:**         Ineffective assistance of appellate counsel.

**Supporting Facts:** Appellate counsel was ineffective for failing to idetify[sic] and raise the trial judges erroneous ruling of law. The ruling we alleges as error is the court's ruling that there was no "dicretion"[sic] in admitting the prior burglary convictions, and for failure to brief this meritorious issue verses the errant issue contained in the no merit brief.

**Ground Four:**         Issue of "no identification" was noted for on the record at the post conviction relief  hearing.

5

**Supporting Facts:** See pro se brief of appellate on direct appeal.

Respondents filed a return and motion for summary judgment on August 28, 2009. Entry 18. By order entered August 31, 2009, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences of failing to respond properly. Entry 20. Petitioner filed a response in opposition to Respondents' motion for summary judgment and a motion for summary judgment on November 3, 2009. Entry 30. Respondents filed a response in opposition to Petitioner's motion for summary judgment on November 19, 2009. Entry 31. Petitioner filed a reply on December 1, 2009. Entry 32. Petitioner also filed two motions to amend his petition for writ of habeas corpus to add additional claims on August 28, 2009 and October 5, 2009. Entry 21; Entry 25. Respondents filed opposition memoranda to the motions to amend on September 10, 2009 and October 15, 2009. Entry 22; Entry 23. Petitioner filed replies to the opposition memoranda on September 21, 2009 and October 27, 2009. Entry 27; Entry 28.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph McCrorey for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and applicable precedents. On February 12, 2010, the Magistrate Judge issued an order denying Petitioner's motions to amend. Entry 33. That same day, the Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's motion for summary judgment be denied and Respondent's motion for summary judgment be granted. Petitioner filed an appeal to the Magistrate Judge's order denying his motion to amend on March 17, 2010. Entry 40. Petitioner filed objections to the Magistrate Judge's report

and recommendation on March 19, 2010.  Entry 41.

## II.   <u>DISCUSSION</u>

The court must determine (A) whether the Magistrate Judge's decision to deny Petitioner's motions to amend is clearly erroneous, and (B) whether, under *de novo* review, either of the parties' motions for summary judgment should be granted.

### A.   <u>Motions to Amend</u>

Petitioner filed two motions to amend his petition for writ of habeas corpus pursuant to Rule 15 of the Federal Rules of Civil Procedure.[3]  Under Rule 15(a)(2), a party may amend its pleadings only with the opposing party's written consent or with leave of court. <u>See</u> Fed. R. Civ. P. Rule 15(a)(2).  Respondents did not consent to either motion to amend. When a party seeks the court's leave to amend a complaint, Rule 15(a)(2) provides that the court's leave should be freely granted when justice so requires.  <u>Id.</u>  The Fourth Circuit has held that "[a] motion to amend should be denied 'only when the amendment would be prejudicial  to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  <u>See</u> <u>HCMF Corp. v. Allen</u>, 238 F.3d 273, 276 (4th Cir. 2001) (citing <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 242 (4th Cir. 1999)).

The Magistrate Judge denied Petitioner's motions to amend because he concluded that Petitioner's proposed amendments would be futile.  In Petitioner's appeal of the Magistrate Judge's ruling, he argues that his proposed amendments are not futile and that he is entitled to an adjudication on the merits of the proposed claims.

---

[3] While Petitioner's first motion to amend correctly states that the motion is being filed pursuant to Rule 15(a), Petitioner's second motion to amend erroneously states that the motion is being filed pursuant to Rule 15(b)(2).

7

In Petitioner's first motion to amend, Petitioner seeks to add a claim alleging his trial counsel was ineffective for failing to move the trial court to conduct a hearing to test pre-trial identification procedures pursuant to Neil v. Biggers, 409 U.S. 188 (1972). The Magistrate Judge denied Petitioner's motion because he determined that Petitioner's proposed claim was specifically abandoned at the PCR hearing, not addressed by the PCR court, and not raised in the petition for writ of certiorari. The Magistrate Judge's ruling is supported by the record. At the PCR hearing, Petitioner's counsel, Ms. Kimbrough, stated the following:

> As for grounds 10E which was a Neil v. Biggers issue since no one could positively identify my client that issue is one that we're not going to pursue. We would simply note for the record that he was never identified and thus Neil v. Biggers may not have been implicated as an issue, excuse me, prior to trial or at trial . . . .

Entry 19-1, 337. Because Petitioner's proposed amendment was abandoned by his PCR counsel at the PCR hearing, the court finds that the Magistrate Judge's decision to deny Petitioner's first motion to amend is not clearly erroneous.

In Petitioner's second motion to amend, Petitioner seeks to add a claim that the trial court lacked subject-matter jurisdiction to try him for first-degree burglary under the Double Jeopardy Clause because the magistrate court had already convicted him for trespassing. The Magistrate Judge denied Petitioner's motion to amend because he determined that the proposed amendment was not raised at trial or on direct appeal. The Magistrate Judge's determination is supported by the record. The only mention in the state court record of a Double Jeopardy claim is in Petitioner's *pro se* brief filed on direct appeal, where Petitioner argued the following:

> Appellant argues that the lower court erred in not granting the severance of indictments 2002-GS-26-2128, 2129, and 3062. Appellant argues he should have been granted the entitlement of putting the state to the test of proving each case individually. Appellant argues there was no direct evidence and no circumstantial

evidence until the state was allowed to create the circumstances by bringing these three indictments together to make a complete statement of their case. When charges have been joined for trial on the grounds that they are of the same or similar character, severance is mandatory. . . . This is highly prejudicial and it violates the Appellants Due Process rights and the Double Jeopardy Clause violation (sic) of U.S. Const. Amend. 5 and 14. South Carolina law holds that a Defendant may be severally indicted and punished for separate offenses without being placed in Double Jeopardy where a single act consists of two distinct offenses.

*   *   *   *

Appellant argues that the State declines the lesser included charge of Burglary second-degree non-violent. Thus, the lower court erred and violated the Double Jeopardy Clause. . . . The Appellant challenges the constitutionality of S.C. Code Ann. 16-11-311 (A) (2). In that the Statute violates the prohibition against Double Jeopardy.

Entry 19-7, 12-14. In his *pro se* brief filed on direct appeal, Petitioner does not allege that his trespassing conviction acted as a bar to his first-degree burglary conviction under the Double Jeopardy Clause. Therefore, this issue was not considered or ruled upon by the PCR court or the South Carolina Court of Appeals when it denied Petitioner's direct appeal and writ of certiorari. Because Petitioner's proposed amendment was not raised in the state courts, the court finds that the Magistrate Judge's denial of Petitioner's second motion to amend is not clearly erroneous.

B.     Summary Judgment Motions

In Respondents' motion for summary judgment, Respondents argue that Petitioner's petition for writ of habeas corpus should be dismissed because the grounds for relief asserted in the petition are procedurally barred, fail to state a claim upon which relief may be granted, and lack merit. The Magistrate Judge recommended that Respondent's motion for summary judgment be granted. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In Petitioner's objection to the Magistrate Judge's Report and Recommendation, Petitioner reiterates the arguments set forth in his petition for writ of certiorari and motion for summary judgment. Petitioner's objection does not direct the court to any specific error in the Magistrate Judge's recommendation. Nevertheless, the court has conducted a *de novo* review of this case. For the reasons set forth below, the court denies Petitioner's motion for summary judgment and grants Respondent's motion for summary judgment.

1.    <u>Standard of Review</u>

The adjudication of Petitioner's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254. Under the AEDPA, a petitioner is entitled to habeas corpus relief if the petitioner is in state "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A § 2254 petition filed by a petitioner in state custody "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). With regard to § 2254(d)(2), the factual findings of the state court judge are to be given great deference and presumed to be correct unless the petitioner shows otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## 2. Ground One: Abuse of Discretion by Trial Judge

The court first considers whether Ground One, which alleges abuse of discretion by the trial judge, is procedurally barred. In South Carolina, a "direct appeal is the only avenue for trial related errors of a non-constitutional dimension." Kornahrens v. Evatt, 66 F.3d 1350, 1362 (4th Cir. 1995) (citing Simmons v. State, 254 S.C. 417, 215 S.E.2d 883, 885 (1975)). If "a defendant fails to raise a trial related error on direct appeal, he has defaulted the claim." Id. at 1363. Respondents concede that some of the claims listed in Ground One were raised in Petitioner's pro se brief on direct appeal. The question is whether the South Carolina Court of Appeals rested its decision to dismiss Petitioner's direct appeal on procedural default. See Harris v. Reed, 489 U.S. 255, 261-62 (1989) (stating that "a federal claimant's procedural default precludes federal habeas review, like direct review, only if the last state court rendering a judgment in the case rests its judgment on the procedural default").

The order of dismissal issued by the South Carolina Court of Appeals is ambiguous on the issue of procedural default. As such, this court must look to the text of the court order and the circumstances surrounding entry of the order to determine whether the South Carolina Court of Appeals reached the merits of this claim. See Wilson v. Moore, 178 F.3d 266, 273-74 (4th Cir. 1999). In dismissing Petitioner's direct appeal, the South Carolina Court of Appeals stated the following:

> **PER CURIAM:** Bruce M. Richardson was convicted of three counts of first-degree burglary and sentenced to eighteen years imprisonment on each count, the sentences to run concurrently. Pursuant to Anders v. California, 386 U.S. 738 (1967), Richardson's counsel attached a petition to be relieved. Richardson filed a pro se response.
>
> After review of the record pursuant to Anders v. California, 386 U.S. 738 (1967) and

> State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss Richardson's
> appeal and grant counsel's petition to be relieved.
>
> **APPEAL DISMISSED.**

Entry 19-8.  In a footnote, the court stated that it decided the case without oral argument because it determined that oral argument would not be helpful in resolving any issues on appeal.   Because the order of dismissal does not "clearly and expressly" state that Petitioner's claim is procedurally defaulted, the court cannot conclude that Petitioner's direct appeal was dismissed as procedurally defaulted.  See Riley v. State, 82 F. Supp.2d 474, 482 (D.S.C. 2000) (quoting Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999) (stating that federal habeas review is barred if the state courts "clearly and expressly" relied on procedural default as a basis for denying relief).  Therefore, Ground One of Petitioner's petition for writ of habeas corpus is not procedurally barred from review by this court.

Having found that Ground One is not procedurally barred, the court next considers whether Ground One fails to state a claim upon which relief may be granted.  Ground One asserts six claims alleging the trial court abused its discretion in ruling on certain evidentiary issues, in denying Petitioner's motion for a directed verdict, and in excluding Petitioner from a pretrial conference.  These claims are claims of error of state law that may serve as the basis for federal habeas relief only if they violated a constitutional right. See Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960) (stating that "[n]ormally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. . . . It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented.").

Of the six claims asserted in Ground One, there are two claims that might raise constitutional violations. The first of these claims is set forth in paragraph (D) of Ground One, where Petitioner asserts the trial judge erred in the following respect:

> "[a]llowing testimony of (prejudicial) single show-up. Trial court erred in allowing Respondent's witness, Mr. Perry,[4] to give suggestive testimony to the jury when Petitioner was subjected to a single show-up, but was never identified as the perpetrator. This error resulted in prejudice."

In Petitioner's view, the admission of Mr. Perry's testimony violated his right to due process under Neil v. Biggers, 409 U.S. 188 (1972). The defendant in Neil argued that the admission of evidence derived from suggestive eyewitness identification procedures violated his due process rights. At issue was whether the eyewitness identification procedure was reliable even though the confrontation procedure was suggestive. In this case, unlike Neil, Petitioner was never identified by any witness as the burglar. Petitioner concedes this fact in his petition for writ of habeas corpus. Absent an eyewitness identification, there can be no argument that an eyewitness identification procedure violated Petitioner's due process rights. See id (finding that "[i]t is the likelihood of misidentification which violates a defendant's right to due process," and that "[s]uggestive confrontations are disapproved because they increase the likelihood of misidentification which violates a defendant's right to due process"). For this reason, paragraph (D) of Ground One does not raise a constitutional violation.

The second claim that might raise a constitutional violation is set forth in paragraph (F) of Ground One, where Petitioner asserts that he was not present for the February 11, 2003 pre-trial

---

[4] L. Perry, III ("Mr. Perry") was a security officer at the Myrtle Beach resort where the burglaries occurred.

conference. A defendant has a fundamental right under the due process clause to be present at a proceeding to the extent the proceeding "would be thwarted by his absence." <u>Faretta v. California</u>, 422 U.S. 806, 819 n.15 (1975). Petitioner has made no showing that a fair and just pre-trial proceeding was "thwarted by his absence" or that he was prejudiced by not being present at the hearing. In his *pro se* brief filed on direct appeal, Petitioner argues he was prejudiced by the fact that Ms. Bacot consented to amending the indictments. According to the record of the February 11, 2003 pre-trial conference, the only amendment made was to correct a scrivener's error with regard to the date of the alleged act as set forth in the indictments. Therefore, paragraph (F) of Ground One does not raise a constitutional violation.

Having found that Ground One fails to state a claim upon which federal habeas relief may be granted, the court nevertheless considers whether the claims set forth in Ground One have merit. In paragraphs (A) and (B) of Ground One, Petitioner alleges the trial court abused its discretion in ruling on certain evidentiary issues involving his prior burglary convictions. The trial record supports a finding that paragraphs (A) and (B) lack merit. To the extent the errors alleged in these paragraphs occurred, the court finds that such errors were harmless. At trial, one of the burglary victim's testified that the burglar was a white male with dark hair and was in possession of a blue bag and yellow screw driver in the back pocket of his pants. Entry 19-1, 124. A police officer testified that he observed Defendant with a blue bag containing the victims' stolen items. <u>Id.</u> 145-46. A security officer testified that he saw something yellow fall from Petitioner as Petitioner jumped over a fence to run away from security officers. <u>Id.</u> at 106-7. The security officer testified that shortly after Petitioner was apprehended, a yellow screw driver was found on the side of the fence that Petitioner jumped over. <u>Id.</u> A police detective testified that the name Petitioner gave police

officers was not Petitioner's real name, that the reason Petitioner gave for being in the area was not consistent with facts discovered during a subsequent investigation, and that the housing unit Petitioner claimed he was on the premises visiting had been unoccupied for over one year. Id. at 196. A guard at the jail where Petitioner was taken following his arrest, testified that Petitioner had the watch of one of the victim's in Petitioner's jail cell.

Thus, there was adequate circumstantial evidence of Petitioner's guilt presented to the jury at trial. Moreover, the trial judge instructed the jury that evidence of Petitioner's prior burglary convictions could only be considered in determining whether the State met it's burden of proving a specific element of first-degree burglary, and could not be used as character evidence or evidence of Petitioner's propensity to commit burglaries. Id. at 304. Given the evidence presented to the jury and the trial judge's limiting instructions to the jury, the court finds that the claims set forth in paragraphs (A) and (B) of Ground One lack merit.

Likewise, Paragraph (C) of Ground One lacks merit. In paragraph (C), Petitioner alleges the trial court erred by not granting Petitioner's request for a directed verdict.[5] Specifically, Petitioner contends that there was a lack of sufficient evidence to send his case to the jury because Petitioner

---

[5] In ruling on a motion for a directed verdict, "[t]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89 (1979) (internal citations omitted).

was never identified as the perpetrator, the element of "entering"[6] was not proven at trial, and the "crux" of the State's case was based on Petitioner's prior burglary convictions. Petitioner's contentions are not supported by the record. As discussed above, although there was no eyewitness testimony identifying Petitioner as the burglar, there was sufficient circumstantial evidence linking Petitioner to the burglary. And, with regard to Petitioner's prior burglary convictions, the jury was instructed by the trial judge to consider Petitioner's prior convictions only for purposes of determining whether the State met it's burden of proving a specific element of first-degree burglary.

The claims set forth in paragraphs (D) and (E) of Ground One also lack merit. Paragraph (D) and (E) allege that the trial court erred in admitting certain testimony by Mr. Perry. This court concluded above that Paragraph (D) did not raise a constitutional violation under <u>Neil</u> because Petitioner was never identified by any witness as the burglar. For this same reason, paragraph (D) lacks merit. In paragraph (E), Petitioner asserts the trial court erred in allowing Mr. Perry's hearsay testimony to be admitted into evidence because "[i]t is not Mr. Perry's domain to explain how he thinks [the victim's] thought process was in not being able to positively identify petitioner as the perpetrator." Petitioner's assertion is not supported by the record.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at

---

[6] Under S.C. Code Ann. § 16-11-311(A), A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either: (1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime: (a) is armed with a deadly weapon or explosive; or (b) causes physical injury to a person who is not a participant in the crime; or (c) uses or threatens the use of a dangerous instrument; or (d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or (2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or (3) the entering or remaining occurs in the nighttime.

the trial or hearing, offered in evidence to prove the truth of the matter asserted." SCACR, Rule 801(c). A lay witness is permitted to testify about his or her opinions or inferences if the opinions or inferences "(a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training." SCACR, Rule 701.

At trial, Mr. Perry was questioned about the victim's behavior when he asked her if she could identify the burglar. <u>Id.</u> at 112. After the court overruled Ms. Bacot's objection to that question, Mr. Perry gave the following testimony:

> Certainly in a situation like this anyone is going to be nervous about it. I think [the victim] was a very honest person and she stated that he fit the general description. But she just could not identify him but certainly her reaction to seeing somebody in her room that's not supposed to be there, which is a shock, just like a bank robbery, it's not always identifiable just perfectly.

Mr. Perry's testimony is not hearsay testimony under Rule 801(c) because Mr. Perry did not repeat any statements made by the victim; instead, he testified about his observations of the victim's behavior. Mr. Perry's opinion testimony is permissible under Rule 701 because the testimony did not require expert or specialized knowledge, skill, experience or training and there is no indication in the trial record that Mr. Perry's testimony was not helpful or rationally based on his perception of the victim's behavior.

And finally, paragraph (F) also lacks merit. In paragraph (F), Petitioner asserts that the trial court erred in allowing the February 11, 2003 pre-trial conference to be held in Petitioner's absence. In this court's discussion of paragraph (F) above, the court concluded Petitioner has made no showing that a fair and just pre-trial proceeding was "thwarted by his absence" or that he was prejudiced by not being present at the hearing. For this same reason, the court finds paragraph (F)

lacks merit.

      3.      Ground Two: Ineffective Assistance of Trial Counsel

Respondents argue that Ground Two of Petitioner's petition for writ of habeas corpus should be dismissed because the claims set forth in that ground for relief lack merit. In Ground Two, Petitioner alleges his trial counsel was ineffective in (A) failing to object to the Solictor's reference to Petitioner's three prior burglary convictions when the Solicitor was repeatedly warned to refrain from such argument by the trial court; (B) failing to argue State v. James to the court; and in (C) failing to produce exculpatory evidence at trial.

Under Strickland v. Washington, 466 U.S. 668 (1984), when the ineffective assistance of counsel is alleged as a ground for relief in a petition for writ of habeas corpus, the petitioner must show that: (1) "his counsel's performance fell below an objective standard of reasonableness," and (2) "he was prejudiced by counsel's deficient performance." Rollison v. State, 552 S.E.2d 290, 292 (S.C. 2001) (citing Strickland, 466 U.S. 668; Brown v. State, 533 S.E.2d 308 (2000)). To succeed on an ineffective assistance of counsel claim, Petitioner must overcome the "presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003) (quoting Strickland, 466 U.S. at 689). Petitioner must also demonstrate that he was prejudiced by trial counsel's deficient performance in that absent trial counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 694.

The PCR court applied the Strickland test and concluded that Petitioner failed to establish that Ms. Bacot's representation was deficient and that any existing deficiency prejudiced Petitioner. Id. The PCR court determined that "Ms. Bacot employed an appropriate trial strategy," and that she

"made the objections necessary to preserve the record for appeal." Entry 19-1, 377. The PCR court further determined that Ms. Bacot "investigated Applicant's case and was fully prepared to represent him." Id. The PCR court's ruling was made after the PCR court reviewed the record in its entirety and heard the testimony presented at the PCR hearing. In reaching its ruling, the PCR court determined that Ms. Bacot's testimony at the PCR hearing was credible and Petitioner's testimony at the PCR hearing was not credible.

This court's analysis centers on whether the PCR court properly applied the Strickland test. After a careful review of the record, the court finds that the PCR court properly applied the Strickland test. Petitioner's argues that his trial counsel should have objected to the Solicitors reference to Petitioner's three prior burglary convictions during closing arguments. The trial judge ruled that the State could not impeach Petitioner with Petitioner's 1989 burglary conviction because it was over ten years old and too prejudicial. Entry 19-1, 219. When Petitioner testified at trial, the State did not use Petitioner's 1989 conviction to impeach Petitioner's credibility. Id. at 237-60. During closing arguments, however, the State mentioned that Petitioner had three prior burglary convictions, and Ms. Bacot did not object. Id. at 298. At the PCR hearing, Ms Bacot testified that the State's reference to the prior burglary convictions was objectionable and that she did not object because she did not want to call further attention to Petitioner's criminal record. Id. at 351-53. Finding that Ms. Bacot's testimony was credible, the PCR court determined that Petitioner failed to show that Ms. Bacot's assistance was rendered ineffective by her failure to object to the Solicitor's reference to Petitioner's three prior burglaries during closing arguments.

Petitioner argues that his "trial counsel was ineffective for failing to point out to the trial court a previous ruling by the [South Carolina] Supreme Court that set forth the rule that under the FRE 403,

[that] the judge does have discretion to exclude this evidence if he determines that the probative value of admitting this evidence is outweighed by the prejudicial impact." Entry 1, 9. The Magistrate Judge recommended that this claim be dismissed because the ruling that Petitioner refers to in <u>State v. James</u>, 355 S.C. 25, 583 S.E.2d 745 (2003),[7] was not issued until after Petitioner was convicted. The Magistrate Judge's finding is supported by the record. Petitioner was convicted in February 2003 and the <u>James</u> decision was not issued until July 2003. An attorney's assistance is not rendered ineffective because the attorney failed to anticipate a change in the law. <u>Kornahrens v. Evatt</u>, 66 F.3d 1350, 1360 (4th Cir. 1995).

Petitioner's final claim in Ground Two is that his trial counsel was ineffective in failing to present exculpatory evidence at trial. The exculpatory evidence Petitioner refers to is a second blue bag that was found at the Myrtle Beach resort the day after Petitioner was arrested. The second blue bag contained stolen property from residences at Myrtle Beach, other than the residences Petitioner was charged with burglarizing. At the PCR hearing, Ms. Bacot testified that she did not consider the second blue bag to be exculpatory evidence, and that introducing evidence of the second blue bag would have simply drawn attention to the fact that there were other burglaries at the Myrtle Beach resort. Entry 19-1, 340-41. Ms. Bacot also testified that at the time the trial was being held, the police had not charged anyone with the second blue bag, and that if someone had been charged, she would have been able to argue that the person charged was responsible for the burglaries for which Petitioner

---

[7]      In <u>James</u>, the South Carolina Supreme Court held that the trial court should have performed a balancing test under Rule 403 of the South Carolina Rules of Evidence, and determined that the prejudicial effect of the defendant's prior conviction outweighed its probative value. Defendant argues the trial court should have applied a balancing test in his case in ruling on certain evidentiary matters.

was charged.  The PCR court found Petitioner's testimony to be credible, and concluded that Ms. Bacot's assistance was not rendered ineffective by her failure to present evidence of the second blue bag.

In sum, the PCR court concluded that Ms. Bacot's testimony was credible and found her trial strategy to be reasonable under <u>Strickland</u>.  The court finds the PCR court properly applied the <u>Strickland</u> test.

4. <u>Ground Three</u>: <u>Ineffective Assistance of Appellate Counsel</u>

The court next considers whether Ground Three is procedurally barred.  Respondents argue that this ground for relief is procedurally barred because the PCR court did not rule on an ineffective assistance of appellate counsel claim and the issue was not preserved for review.  The Magistrate Judge agreed and noted that Petitioner did not raise this issue in his petition for writ of certiorari. The court disagrees.  A review of the record reveals that Petitioner challenged the effectiveness of his appellate counsel in his amended  PCR application, and that this issue was argued at-length at the PCR hearing.  <u>See</u> Entry 19-10, 2; Entry 19-1, 359-65.  In its order of dismissal, The PCR court makes no mention of Petitioner's ineffective assistance of appellate counsel claim.  The PCR court merely concludes that Petitioner had not established any constitutional violations that would require granting post-conviction relief.  The only basis given for the PCR court's conclusion is that Petitioner's ineffective assistance of trial counsel lacked merit.  In Petitioner's petition for writ of certiorari, Petitioner alleges his appellate counsel was ineffective for "errantly address[ing] the exercise of a peremptory challenge by the State?" and for failing to object to the introduction of Petitioner's burglary convictions. Entry19-14.  In denying Petitioner's petition for writ of certiorari, the South Carolina Court of Appeals did not articulate a basis for the its ruling.

Because Petitioner raised a claim for ineffective assistance of appellate counsel in his amended PCR petition and in his petition for writ of certiorari, and because the state court opinions do not "clearly and expressly" state that Petitioner's ineffective assistance of appellate counsel is procedurally barred, the court finds that Ground Three is not procedurally barred. See Riley v. State, 82 F. Supp.2d 474, 482 (D.S.C. 2000) (quoting Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999) (stating that federal habeas review is barred if the state courts "clearly and expressly" relied on procedural default as a basis for denying relief).

Having found that Ground Three is not procedurally barred, the court next considers whether Ground Three lacks merit. In Ground Three, Petitioner asserts that his appellate counsel was ineffective in the filing of her Anders brief. Specifically, Petitioner argues his "appellate counsel was ineffective for failing to idetify[sic] and raise the trial judges erroneous ruling of law" with regard to the admission of his burglary convictions. It is true that Petitioner's appellate counsel failed to raise this issue in her Anders brief. However, Petitioner has failed to show that he was prejudiced by his appellate counsel's failure to do so. The South Carolina Court of Appeals was obligated under Anders to conduct a full review of the record on its own to determine whether there were any meritorious issues on appeal. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Moreover, Petitioner raised this very issue in his pro se brief on direct appeal, and his pro se brief was part of the record that the South Carolina Court of Appeals considered when it denied Petitioner's appeal on the merits.

5.     <u>Ground Four</u>: Issue of "no identification" was noted for at the post-conviction relief hearing.

In Ground Four, Petitioner appears to be arguing that his PCR counsel was ineffective for

22

not requiring a hearing pursuant to <u>Neil v. Biggers</u> and for waiving his claim at the PCR hearing. The Magistrate Judge properly dismissed this claim on the ground that there is no constitutional right to effective assistance of counsel in PCR hearings. <u>See</u> <u>Wise v. Williams</u>, 982 F.2d 142, 144 (4th Cir. 1992).

### III.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability

### IV.  CONCLUSION

The court hereby **denies** Petitioner's appeal to the Magistrate Judge's order denying his motion to amend his § 2254 petition (**Entry 40**), **denies** Petitioner's motion for summary judgment (**Entry 30**), and **grants** Respondent's motion for summary judgment (**Entry 18**). Accordingly, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (**Entry 1**) is hereby **dismissed with prejudice**. The court adopts the Magistrate Judge's Report and Recommendation (Entry 34) and incorporates it herein by reference.

**IT IS ORDERED**.

s/Margaret B. Seymour
United States District Judge

March 31, 2010
Columbia, South Carolina